```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
Maria Esther Reyes,

                    Plaintiff,            MEMORANDUM & ORDER

                                          23-cv-08448 (KAM)
    -against-


Commissioner of Social Security,

                    Defendant.
---------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

On November 3, 2023, Maria Esther Reyes ("Plaintiff") filed a *pro se* complaint alleging that the Social Security Administration ("SSA") issued an unfavorable decision regarding her application for, or eligibility to receive, disability insurance benefits. (ECF No. 1 ¶ 5.) On September 19, 2024, this Court issued an Order to Show Cause why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. The parties both responded to the Order. (ECF Nos. 31-33.) For the reasons below, the Court finds that it lacks subject matter jurisdiction and therefore dismisses the action without prejudice.

1

## BACKGROUND

Plaintiff initially filed an application for disability insurance benefits ("DIB") on July 2, 2002, alleging disability beginning July 1, 2001. (ECF No. 28, Administrative Record ("Tr.") at 89.)[1] The claim was denied, but the Appeals Council remanded the case on September 22, 2004. (*Id.*) On September 14, 2004, Plaintiff filed an application for supplemental security income ("SSI"), which was combined with Plaintiff's July 2, 2004 claim for DIB. (*Id.*) On June 22, 2006, Administrative Law Judge ("ALJ") Manuel Confresi issued an unfavorable decision, which the Appeals Council again remanded. (*Id.*) On January 26, 2009, ALJ Confresi again found that Plaintiff was not disabled and denied DIB and SSI benefits. (*Id.*)

On May 13, 2014, it was determined that Plaintiff was a class member entitled to relief under *Padro et al. v. Astrue*, ll-cv-1788 (CBA)[2], and Plaintiff's case was remanded again and assigned to ALJ Mark Solomon. (*Id.*) The Appeals Council Order specified that because Plaintiff had been found disabled as of January 17, 2012, on a subsequent SSI application, the time period at issue was from July 1, 2001, through January 16, 2012. (*Id.* at 89, 114; *id.* at

---

[1] The Court references the transcript page numbers.
[2] The class action was brought by claimants for Social Security disability benefits whose claims were denied by one of five Administrative Law Judges at the Queens Office of Disability Adjudication and Review. *See Padro et al. v. Astrue*, ll-cv-1788 (CBA).

794 (noting subsequent application was for SSI benefits).) On February 9, 2016, ALJ Solomon denied Plaintiff's claim, and once the decision became final, Plaintiff filed an action before this Court on February 12, 2018. (*Id.* at 115; *Reyes v. Commissioner of Social Security*, 18-cv-00981 (KAM) (E.D.N.Y.).) On November 25, 2019, this Court remanded Plaintiff's case for further administrative proceedings to determine whether Plaintiff was disabled starting from July 1, 2001. (*See Reyes v. Commissioner of Social Security*, 18-cv-00981 (KAM) (E.D.N.Y. Nov. 25, 2019 (Dkt. 24); *see also* Tr. at 7.)

On remand, Plaintiff was represented by an attorney representative from the Urban Justice Center. (Tr. at 443.) On April 3, 2023, another attorney from the Urban Justice Center, Ann Biddle, was substituted. (*Id.* at 616-18.) On June 29, 2023, Ms. Biddle submitted a letter to ALJ Michelle Allen that Plaintiff was amending her original alleged onset date on July 1, 2001, to September 11, 2007, noting: "I write to confirm that Ms. Reyes is amending her onset date to September 11, 2007. This is the day she turns aged 55. I spoke with my client and her family several times, using an interpreter, and she understands the impact of changing the onset date." (*Id.* at 704-05.) Plaintiff also submitted under her own signature, and through the Urban Justice Center, a statement dated July 6, 2023, noting in both English and Spanish: "I wish to amend my onset date to September 11, 2007. I spoke to

3

my lawyer about this and I understand the import of this change." (*Id.* at 703.)

On August 11, 2023, ALJ Allen issued a decision on Plaintiff's application for DIB and SSI, based on Plaintiff's voluntarily amended onset date of September 11, 2007.[3] (*Id.* at 7-20.)

Pertaining specifically to Plaintiff's application for DIB, ALJ Allen noted that due to the amended onset date of September 11, 2007, Plaintiff "would not have disability insured status on the date of onset," and therefore would not be entitled to DIB pursuant to 20 CFR §§ 404.130, 404.131, and 404.315, which require Plaintiff to have been insured when her disability first began. (*Id.* at 8); *see also Vaglica v. Comm'r of Soc. Sec. Admin.*, No. 20-cv-05876 (JMA), 2022 WL 4485070, at *5 (E.D.N.Y. Sept. 26, 2022) (noting that Title II of the Social Security Act, which pertains to disability insurance benefits, "require[s] Plaintiff to be insured when his disability first began," and quoting § 404.131(a) requiring that a claimant "must have disability insured status in the quarter in which [claimant] become disabled").

Accordingly, because Plaintiff was not entitled to DIB based on her amended onset date of September 11, 2007, ALJ noted that

---

[3] The ALJ's decision states that Plaintiff "made motions to amend the alleged onset date to September 11, 2007" and cites to the letters from Plaintiff and Plaintiff's counsel stating the change to September 11, 2007. (Tr. at 8.) However, parts of the ALJ's decision refer to the onset date as September 10, 2007. The Court considers this a typographical error.

4

Plaintiff, "through her representative, voluntarily elected to withdraw her request for hearing as it pertains to the application for a period of disability and disability insurance benefits" and dismissed her request for hearing for the DIB portion of her application. (*Id.* at 8 (noting that "[a] request for hearing for an application for benefits may be dismissed if, at any time before the notice of the hearing decision is mailed, the claimant asks to withdraw the request" pursuant to 20 CFR § 404.957(a)).) ALJ Allen further noted that the record showed Plaintiff "was fully advised of the consequences of her request, including dismissal of the request for hearing regarding her claim for a period of disability and disability insurance benefits with the result that the initial determination for this claim will become final,"[4] and that ALJ Allen was "satisfied" that Plaintiff "underst[ood] the effect of her request." (*Id.*)

Because Plaintiff voluntarily amended her onset date to September 11, 2007, and withdrew her request for a hearing on her DIB application, causing her DIB application to be dismissed, ALJ Allen proceeded to make findings of fact and conclusions of law concerning Plaintiff's remaining application for SSI with the amended onset date. (*Id.*) ALJ Allen then issued a fully favorable

---

[4] The initial determination for Plaintiff's DIB claim is dated October 2, 2002. The determination denied Plaintiff's application for DIB on the basis that she was not disabled. (Tr. at 113.)

5

decision based on Plaintiff's application for SSI, finding Plaintiff disabled since the amended onset date of September 11, 2007. (*Id.* at 7, 19.)[5]

Following the ALJ's favorable decision, Plaintiff did not file written objections explaining any disagreement with the ALJ's decision, nor did the Appeals Council review the decision. (*See generally* Tr.; *see also* ECF No. 33 ("SSA Resp.") at 2.) Accordingly, the ALJ's fully favorable August 11, 2023 decision on Plaintiff's SSI application became the SSA's final decision on October 11, 2023. (Tr. at 2; SSA Resp. at 2.)

On November 3, 2023, Plaintiff filed the Complaint in the instant action, alleging that she does "not agree with the decision of the Honorable Judge, Michelle Allen" and that she "respectfully ask[s] this court to review [her] case because [she has] been Disabled since 3/2001[.]" (ECF No. 1 at 4.)

In response to Plaintiff's response to the Order to Show Cause, the Commissioner of SSA summarizes that Plaintiff has since filed "a bevy of letters and filings" with "the overarching

---

[5] A contemporaneous letter from the SSA filed on Docket 18-cv-981 (KAM) previewed the outcome regarding the withdrawal of Plaintiff's request for a hearing and a fully favorable decision. Responding to a letter from Plaintiff regarding delays in scheduling a hearing, the SSA noted in a July 26, 2023 letter that, although all parties were prepared to proceed with a hearing, "that hearing was not held as a result of discussions between Plaintiff's counsel and the agency, which resulted in Plaintiff electing to amend her alleged disability onset date. She submitted that amendment through counsel on June 29, 2023. The result of the amendment is that the Commissioner soon will be issuing Plaintiff a fully favorable decision, awarding benefits as of the amended onset date." (Docket 18-cv-00981 (KAM), ECF No. 27 at 2.)

6

thread...that she is entitled to disability payments from at least some source dating to 2001." (SSA Resp. at 2-3; *see, e.g.*, ECF Nos. 10, 17, 17-1, 23, 25, 26, and 31.) Some of Plaintiff's fillings also appear to discuss her representation by attorneys from the Urban Justice Center, noting she was "INTIMIDATED" and "scared" into amending her alleged onset date, (*see* ECF No. 10 at 1-2), or otherwise noting that she either amended her onset date based on a misunderstanding, or that her attorney did not fully capture both her mental and physical disabilities, (*see* ECF No. 23 at 1-2; ECF No. 31 at 7).

## **DISCUSSION**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (citing Fed. R. Civ. P. 12(h)(3), noting that "a district court can dismiss an action for lack of subject-matter jurisdiction under Rule 12(b)(1) *sua sponte*").

"[T]he Court's subject matter jurisdiction in a Social Security appeal derives from 42 U.S.C. § 405(g)[.]" *Gloria Daniels for Nathaniel Daniels v. Comm'r of Soc. Sec.*, No. 07-cv-4277 (ENV), 2010 WL 11507398, at *4 (E.D.N.Y. Oct. 12, 2010), *aff'd sub nom. Daniels ex rel. Daniels v. Comm'r of Soc. Sec.*, 456 F. App'x 40 (2d Cir. 2012). The Second Circuit "ha[s] long held that our

7

judicial review over Social Security determinations pursuant to 42 U.S.C. § 405(g) 'makes no provision for judicial review of a determination favorable to the complainant.'" *Heller v. Comm'r of Soc. Sec.*, 328 F. App'x 74, 75 (2d Cir. 2009) (quoting *Jones v. Califano*, 576 F.2d 12, 19 (2d Cir. 1978) and citing *Wheeler v. Heckler*, 719 F.2d 595, 600 (2d Cir. 1983)); *Louis v. Comm'r of Soc. Sec.*, No. 07-cv-0557, 2008 WL 1882706, at *1 (N.D.N.Y. Apr. 24, 2008) (finding court lacked jurisdiction because, *inter alia*, "administrative decision was fully favorable to Plaintiff"), *aff'd*, 349 F. App'x 576 (2d Cir. 2009).

Here, Plaintiff's attorney, apparently acting with Plaintiff's knowledge, understanding, and consent, amended Plaintiff's disability onset date to September 11, 2007. (Tr. at 704-05.) ALJ Allen found Plaintiff disabled based on the amended onset date and issued a fully favorable decision. (*Id.* at 1 (providing letter to Plaintiff titled, "Notice of Decision – Fully Favorable"), 8, 19.) Courts in this district regularly dismiss actions for lack of jurisdiction where, as here, a plaintiff appeals a fully favorable SSA decision. *See, e.g.*, *Skrodzki v. Comm'r of Soc. Sec.*, No. 19-cv-2280 (MKB), 2021 WL 4994344, at *5 (E.D.N.Y. Oct. 26, 2021) (noting ALJ's decision "was fully favorable" to pro se Plaintiff, and "the Court lack[ed] jurisdiction to review his claim"); *Cairo v. Comm'r of Soc. Sec.*, No. 15-cv-5171 (DLI), 2017 WL 1047329 (E.D.N.Y. Mar. 16, 2017)

8

(dismissing *pro se* appeal of fully favorable SSA decision for lack of subject matter jurisdiction where plaintiff's counsel, with plaintiff's consent, amended disability onset date, and ALJ issued decision based on amended date, despite plaintiff challenging amended onset date on appeal, and collecting cases); *Bennerman v. Commisioner of Soc. Sec.*, No. 11-cv-6384 (KAM), 2013 WL 6796351, at *3 (E.D.N.Y. Dec. 23, 2013) (regarding pro se plaintiff's appeal, noting "court lacks subject matter jurisdiction to review the fully favorable decision"); *Stewart v. Astrue*, No. 10-cv-3922 (SJF), 2012 WL 32615 (E.D.N.Y. Jan. 4, 2012) (dismissing pro se action seeking review of SSA decision where plaintiff's counsel, with plaintiff's consent, stipulated to disability onset date, because plaintiff received fully favorable decision based on such date despite later arguing she did not authorize stipulation); *Gloria Daniels for Nathaniel Daniels*, No. 07-cv-4277 (ENV), 2010 WL 11507398, at *5 (similar).

Further, "when counsel for a claimant concedes that the ALJ's review is limited to a particular time period, the ALJ need not evaluate the record for disability outside that time period." *Rotolo v. Berryhill*, 741 F. App'x 851, 853 (2d Cir. 2018). Accordingly, ALJ Allen granted Plaintiff's application "based on a properly amended disability onset date," and because benefits were awarded as of that date, "the administrative decision is properly classified as 'favorable' and there is nothing

9

justiciable for the Court to review[.]" *Gloria Daniels for Nathaniel Daniels*, No. 07-cv-4277 (ENV), 2010 WL 11507398, at *5.

The Court is mindful that "'[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Cairo*, No. 15-cv-5171 (DLI), 2017 WL 1047329, at *2 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (alteration in original). Accordingly, based on Plaintiff's request at ECF No. 32, the Court liberally construes ECF No. 31 as Plaintiff's response to the Order to Show Cause, along with Plaintiff's other filings, and acknowledges that Plaintiff contends she did not receive a fully favorable decision – and therefore may appeal the decision – because her disability onset date is sometime in 2001, and not the amended onset date of September 11, 2007. (ECF No. 31 at 6.) In her submissions, Plaintiff appears to argue that her counsel pressured her to amend her onset date. (*See, e.g.*, ECF No. 10 at 1-2 (stating she "FELT INTIMIDATED" and "scared me and [sic] accept her proposal").) At other times, she appears to suggest that she amended the onset date because she did not understand whether the date was inclusive of both mental and physical conditions, or, alternatively, that her attorney did not focus adequately on both her mental and physical conditions. (*See, e.g.*, ECF No. 23 at 1-2; ECF No. 31 at 7.)

10

Regardless, "[i]n the Second Circuit, absent evidence of coercion or deception, 'counsel's concession and amendment of the period under review [are] within [her] authority' and 'the attorney's conduct is imputed to [the plaintiff].'" *Cairo*, No. 15-cv-5171 (DLI), 2017 WL 1047329 (quoting *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010)) (some modifications in original); *Stewart*, No. 10-cv-3922 (SJF), 2012 WL 32615, at *2 (similar). There is no evidence before the Court that Plaintiff was coerced or deceived. The record instead shows that Plaintiff requested in her own submission, and through her counsel, to amend her onset date and that Plaintiff's attorney "spoke with [Plaintiff] and her family several times, using an interpreter, and she understands the impact of changing the onset date[.]" (Tr. at 703-05). The record also includes a signed letter from Plaintiff herself, in both English and Spanish, stating with regard to the amended onset date of September 11, 2007, that she "spoke to [her] lawyer about this and [she] understand[s] the import of this change." (*Id.* at 703.) Indeed, as the SSA notes, Plaintiff executed her "statement several days after her attorney's initial request," and "Plaintiff confirmed the amended onset date by a statement under her own signature, after she had an opportunity to contemplate this further for at least several days." (SSA Resp. at 6.)

To the extent Plaintiff may be arguing that she did not know or understand that her counsel amended the onset date,

11

notwithstanding her letter under her own signature, she still fails to demonstrate coercion or deceit. *See Klos v. Astrue*, No. 09-cv-3039 (ARR), 2010 WL 3463174, at *1 (E.D.N.Y. Aug. 30, 2010) ("[P]laintiff's assertion that she was not informed that her attorney would seek an amendment of the disability onset date is troubling" but "does not amount to coercion or deceit"), *aff'd sub nom. Klos v. Comm'r of Soc. Sec.*, 439 F. App'x 47 (2d Cir. 2011). Indeed, ALJ Allen also stated in her decision that Plaintiff "through her representative, voluntarily elected to withdraw her request for hearing as it pertain[ed] to the application for a period of disability and disability insurance benefits," and "was fully advised of the consequences of her request, including dismissal of the request for hearing regarding her claim for a period of disability and disability insurance benefits." (Tr. at 8.)

Accordingly, Plaintiff's argument "does not alter the conclusion that she received a fully favorable decision from the Commissioner based on the disability onset date she proposed." *Cairo*, No. 15-cv-5171 (DLI), 2017 WL 1047329, at *3. Because Plaintiff received a fully favorable decision, the ALJ's decision is not reviewable by this Court, as "judicial review over Social Security determinations pursuant to 42 U.S.C. § 405(g) 'makes no provision for judicial review of a determination favorable to the complainant.'" *Heller*, 328 Fed. Appx. at 75. Accordingly,

12

Plaintiff's action to review the Commissioner's decision is dismissed without prejudice. *Karupaiyan v. New York*, No. 23-1257-cv, 2024 WL 2174272, at *2 (2d Cir. May 15, 2024) ("Because Rule 12(h)(3) provides for dismissal for lack of subject matter jurisdiction, such a dismissal must be without prejudice."), *cert. denied*, No. 24-54, 2024 WL 4427192 (U.S. Oct. 7, 2024).

## Conclusion

For the reasons above, the Court dismisses this action for lack of subject matter jurisdiction without prejudice. Counsel for the SSA is directed to mail a copy of this Memorandum and Order, along with copies of any unreported cases, to Plaintiff at her address of record and note service on the docket no later than January 3, 2025. The Clerk of Court is directed to close this case.

**SO ORDERED**

Dated:   December 27, 2024
         Brooklyn, New York

**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

13